**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAIZ SHOLIAY, | No. 13-17310 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00958-WBS-DAD |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; U.S. BANK N.A., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted December 11, 2015[**]
San Francisco, California

Before: CLIFTON and OWENS, Circuit Judges and SMITH,[***] Chief District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William E. Smith, Chief District Judge for the U.S.
District Court for the District of Rhode Island, sitting by designation.

Plaintiff Faiz Sholiay appeals the district court's order dismissing with prejudice his complaint against Defendants, Federal National Mortgage Association and U.S. Bank, for failure to state a claim. We review the district court's dismissal de novo. *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1047 (9th Cir. 2011). On appeal, Sholiay claims three causes of action against Defendants: wrongful foreclosure, fraud and negligent misrepresentation, and violation of California's Business and Professions Code § 17200.

The district court analyzed the wrongful foreclosure claim as a breach of contract claim, but Sholiay cannot succeed under either framework. Sholiay has not pointed to any enforceable contract between himself and Defendants. The letter in which Sholiay claims U.S. Bank promised to provide him with a loan modification if he qualifies under Home Affordable Mortgage Program ("HAMP") guidelines does not actually contain such a promise. It only states that the bank will consider his application and "may" offer a trial payment plan if he is qualified. Further, Sholiay does not have standing to sue under HAMP itself. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999). Nor has Sholiay pleaded the elements of wrongful foreclosure. He has not contested that he was in default on a valid mortgage held by the Defendants or

2

argued that Defendants failed to comply with the procedural requirements for notice or conduct of the sale of his house. *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 800 (2013).

The district court concluded that Sholiay's fraud and negligent misrepresentation claims were based solely on Defendants' alleged failure to perform their contractual obligations and, as a result, should be enforced through contract rather than tort law. *See Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000), *superseded by statute on other grounds*. Considering the tort claims on the merits, they fail for the same reason the contract claims fail: U.S. Bank did not represent to Sholiay that it would provide him with a loan modification, but instead only that it would consider his application. While the bank indicated the possibility of postponing foreclosure proceedings, it was clear that it would do so only under circumstances Sholiay had not met. These were not false representations, so the fraud and negligent misrepresentation claims fail on the first step of the claim's analysis. *See West*, 214 Cal. App. 4th at 792. Sholiay's additional allegation that an employee of U.S. Bank misrepresented to him that he would be placed into HAMP is insufficiently specific and cannot survive a motion to dismiss. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The district court concluded that Sholiay's claim under California's Business and Professions Code § 17200 failed for lack of standing because Sholiay failed to allege that Defendants' conduct was the cause of his injury, as distinguished from his admitted default on the loan. In his opening brief before this court, Sholiay did not advance any legal argument challenging this conclusion. "Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003). As a result, we treat Sholiay's challenge to the district court's finding that he lacked standing under § 17200 as waived.

Sholiay makes no argument that he should have been granted leave to amend his complaint, though he includes "whether . . . Appellant should have been granted leave to amend" in the "Issue Presented" section of his opening brief. That is not an argument. As a result, he has waived this challenge. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("[A] bare assertion does not preserve a claim.").

**AFFIRMED.**